RE: JUVENILE DETENTION FACILITIES
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR RECENT LETTER ASKING FOR THE ISSUANCE OF AN OFFICIAL OPINION CONSTRUING THE LANGUAGE OF 10 O.S. 1107.1 (1981). INSOFAR AS THE RESPONSE TO YOUR QUESTION APPEARS TO BE FAIRLY CLEAR, HE HAS AUTHORIZED ME TO RESPOND TO YOU THROUGH THIS INFORMATIONAL LETTER.
ON DECEMBER 8, 1986, FORMER ATTORNEY GENERAL TURPEN ISSUED ATTORNEY GENERAL OPINION NO. 86-127, WHICH REVIEWED THE TERMS OF THE DELINQUENT, DEPENDENT, AND NEGLECTED CHILDREN'S ACT, 10 O.S. 1101 (1981), ET SEQ. THE QUESTION POSED WAS WHETHER CONVICTED JUVENILES CERTIFIED AS ADULTS AND INCARCERATED IN ADULT CORRECTIONAL FACILITIES WERE REQUIRED TO BE SEGREGATED FROM THE ADULT PRISON POPULATION. IN REPLY, ATTORNEY GENERAL TURPEN ADVISED THAT WHEN A JUVENILE IS CERTIFIED AS AN ADULT, BUT PRIOR TO CONVICTION, OKLAHOMA LAW REQUIRED THAT HE BE "DETAINED" SEPARATELY FROM ADULT PRISONERS. HOWEVER, THE OPINION WENT ON TO ALSO ADVISE THAT IF AND WHEN THE ADULT CERTIFIED JUVENILE IS CONVICTED, THAT SEGREGATION REQUIREMENT WAS NO LONGER APPLICABLE TO THE SITUATION, AND THE ADULT CERTIFIED JUVENILE COULD BE INCARCERATED WITH THE ADULT PRISON POPULATION.
IN 1987, THE LEGISLATURE ADOPTED INTO LAW THE TERMS OF SENATE BILL NO. 233, WHICH AMENDED SEVERAL PROVISIONS OF THE ACT, AND WHICH SPECIFICALLY PROVIDED IN A NEW 10 O.S. 1107.1(C) OF TITLE 10. THE ACT WAS AGAIN AMENDED IN 1988 BY THE LANGUAGE OF SENATE BILL NO. 238 OF THE 1988 LEGISLATURE. THESE NEW PROVISIONS REQUIRE THAT NO CHILD MAY BE PLACED IN SECURE DETENTION IN A JAIL, ADULT LOCKUP, OR OTHER ADULT DETENTION FACILITY UNLESS, IN PERTINENT PART:
 "F. THE JAIL, ADULT LOCKUP OR ADULT DETENTION FACILITY MEETS THE REQUIREMENTS FOR LICENSURE OF JUVENILE DETENTION FACILITIES, AS ADOPTED BY THE COMMISSION FOR HUMAN SERVICES, IS APPROPRIATELY LICENSED, AND PROVIDES SIGHT AND SOUND SEPARATION FOR JUVENILES, WHICH INCLUDES:
 (1) TOTAL SEPARATION BETWEEN JUVENILES AND ADULT FACILITY SPATIAL AREAS SUCH THAT THERE COULD BE NO HAPHAZARD OR ACCIDENTAL CONTACT BETWEEN JUVENILE AND ADULT RESIDENTS IN THE RESPECTIVE FACILITIES; AND
 (2) TOTAL SEPARATION IN ALL JUVENILE AND ADULT PROGRAM ACTIVITIES WITHIN THE FACILITIES, INCLUDING RECREATION, EDUCATION, COUNSELING, HEALTH CARE, DINING, SLEEPING AND GENERAL LIVING ACTIVITIES; AND
 (3) SEPARATE JUVENILE AND ADULT STAFF, INCLUDING MANAGEMENT, SECURITY STAFF, AND DIRECT CARE STAFF SUCH AS RECREATION, EDUCATION AND COUNSELING.
SPECIALIZED SERVICES STAFF, SUCH AS COOKS, BOOKKEEPERS, AND MEDICAL PROFESSIONALS WHO ARE NOT NORMALLY IN CONTACT WITH DETAINEES OR WHOSE INFREQUENT CONTACTS OCCUR UNDER CONDITIONS OF SEPARATION OF JUVENILE AND ADULTS CAN SERVE BOTH."
GOING HAND IN HAND WITH THIS STATUTORY LANGUAGE IS THE FOLLOWING LEGISLATIVE REQUIREMENT CONTAINED IN 10 O.S. 1108(A)(1) (1988):
 "1. AFTER JULY 1, 1983, "JUVENILE DETENTION FACILITY" SHALL MEAN A SECURE FACILITY, ENTIRELY SEPARATE FROM ANY PRISON, JAIL, ADULT LOCKUP, OR OTHER ADULT FACILITY, FOR THE TEMPORARY CARE OF CHILDREN . . ."
ADDITIONALLY, THE DEPARTMENT OF HUMAN SERVICES HAS ADOPTED LICENSURE REQUIREMENTS THAT VERY CLEARLY STATE THAT UNDER NO CIRCUMSTANCES WILL THE DEPARTMENT ISSUE A LICENSE TO A JUVENILE DETENTION FACILITY UNLESS THE JUVENILES ARE HOUSED IN A COMPLETELY SEPARATE BUILDING FROM ADULT PRISONERS.
ACCORDINGLY, BY THIS VERY PLAIN LEGISLATIVE MANDATE, IT IS NOT PERMISSIBLE FOR JUVENILES TO BE HOUSED IN THE SAME BUILDING AS ADULT OFFENDERS. IF YOU HAVE ANY FURTHER QUESTIONS ABOUT THE LICENSURE REQUIREMENTS, YOU MIGHT DESIRE TO TALK WITH MS. PRINS ANDERSON, WHO IS IN CHARGE OF THE LICENSURE FOR SUCH FACILITIES FOR THE DEPARTMENT OF HUMAN SERVICES. SHE CAN BE REACHED AT 521-3561. I HAD ENCLOSED A COPY OF THE DEPARTMENT'S LICENSURE RULES.
(MICHAEL SCOTT FERN)